# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL F. CRUM, ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:19-cv-02045-JRS-TAB |
| ) | |
| v. ) | |
| ) | |
| SN SERVICING CORPORATION, ) | |
| FAY SERVICING, LLC., PLANET ) | |
| HOME LENDING, LLC, EQUIFAX ) | |
| INFORMATION SERVICES, LLC, ) | |
| HOME SERVICING, LLC, and US ) | |
| BANK TRUST NATIONAL ) | |
| ASSOCIATION, as Trustee of the SCIG ) | |
| Series III Trust, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF SN SERVICING AND TRUSTEE'S
## MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants SN Servicing Corporation ("SN Servicing") and U.S. Bank Trust National Association, as Trustee of the SCIG Series III Trust ("Trustee"), by its attorneys, submits this following Memorandum in Support of its Motion to Dismiss Counts VI and XIII of Michael F. Crum's ("Plaintiff") First Amended Complaint ("FAC").

### Introduction

Plaintiff attempts to assert various claims against SN Servicing and Trustee through a needlessly prolix FAC containing 363 paragraphs and over two hundred pages of documents as exhibits. Weeding through the repetitive and confusing allegations, Plaintiff essentially claims that his mortgage should be current because he cured the default in the Chapter 13 bankruptcy. FAC, ¶ 82.

Specifically, Plaintiff's FAC asserts claims against SN Servicing and/or Trustee for: (1) breach of contract, (2) violation of the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA") and its implementing regulations, (3) violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), (4) violation of the discharge injunction in 11 U.S.C. § 524(i), (5) violation of the federal Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* ("TILA") and its implementing regulations, (6) declaratory relief, and (7) violation of the Indiana Deceptive Consumer Sales Act, Ind. Code § 24-5-0.5-0.1, *et seq*. ("IDCSA").

Plaintiff bases each claim on the general allegation that Defendants Home Servicing, LLC ("Home Servicing"), Planet Home Lending, LLC ("Planet Home"), Fay Servicing, LLC ("Fay"), and SN Servicing misapplied the payments from the Chapter 13 and assessed late fees and other charges that his confirmed Chapter 13 Plan did not authorize. FAC, ¶ 84.

However, the delinquency did not result from any misapplication of payments or any error in the bankruptcy as Plaintiff implies. FAC, ¶ 73. Instead, the Chapter 13 Trustee made only 58 post-petition mortgage payments during the 60 months in which Plaintiff made payments to the Chapter 13 Plan. *See* Exhibit A (Chapter 13 Trustee's Final Report and Account). The Chapter 13 Trustee cannot disburse money from the Plan that she never received from Plaintiff. Because Plaintiff **did not** cure the delinquency in the bankruptcy, each of his claims fails for this underlying reason and will ultimately be subject to dismissal in a motion for summary judgment.

For now, this Court should dismiss Count VI of the FAC because SN Servicing did not misapply any payments from the Chapter 13 Trustee. *See* 11 U.S.C. § 524(i). As such, Plaintiff's alleged damages – the late fees on his mortgage – resulted from his delinquency and not from the willful failure to credit payments.

Additionally, Plaintiff cannot pursue his TILA claims alleged in Count XIII against an assignee of the mortgage, like the Trustee allegedly is here, for any purported violations of 15 U.S.C. §1639f and 1638(f). Thus, even if Trustee failed to provide periodic mortgage statements and failed to promptly credit payments as alleged, Plaintiff's claim would still fail as a matter of law.

As discussed in greater detail below, this Court should dismiss Counts VI and XIII of the FAC with prejudice in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**Factual Background**

In 1997, Plaintiff obtained the mortgage loan at issue ("Loan") from ONB, evidenced by a promissory note ("Note") and mortgage ("Mortgage"). FAC, ¶¶ 4, 44, Exhibit CC.

Plaintiff's payments are due on the first of the month and the Note authorizes a late fee if payment is not received by the grace period. FAC, Exhibit CC (Note at ¶ 7). The Mortgage allows the lender to advance funds to protect its interest in the property, including attorneys' fees for a legal proceeding, and then add the fees to the debt. *Id.* (Mortgage at ¶ 7). The Note and Mortgage provide that payments shall be applied first to interest and principal, then to property taxes and hazard insurance, and finally to any late fees. *Id.* (Mortgage at ¶ 3) (Note at ¶¶ 1-7).

On October 10, 2012, Plaintiff filed a Chapter 13 petition in the U.S. Bankruptcy Court for the Southern District of Indiana, case number 12-12077 ("Bankruptcy"). FAC, ¶ 65. The loan servicer at the time, Home Servicing, filed Proof of Claim 7-1 asserting a secured claim with a pre-petition arrearage of $5,922.93 (13 installments x $455.61). FAC, ¶¶ 70-72.

In his Chapter 13 plan ("Plan"), Plaintiff agreed to make regular monthly payments to the Chapter 13 Trustee to pay the pre-petition arrears of $5,922.93 and maintain the post-petition

mortgage payments of $455.61.  FAC, ¶ 69.  The Plan was confirmed on April 10, 2013.  *Id.*, ¶ 68.

Planet Home filed a transfer of claim as the new loan servicer.  FAC, ¶¶ 76, 77.

On January 10, 2018, the Chapter 13 Trustee filed a Notice of Final Cure Payment ("Notice of Final Cure") stating that she paid $5,922.93 to pre-petition arrears and $27,336.60 toward post-petition mortgage payments.  FAC, ¶ 77; Exhibit B (Notice of Final Cure Payment); *188 LLC v. Trinity Indus. Inc.*, 300 F.3d 730, 735 (7th Cir. 2002) (the Court may consider the Proof of Claim without converting this Motion to Dismiss into a motion for summary judgment).

On January 19, 2018, Planet Home filed a timely Response to the Notice of Final Cure Payment stating that Plaintiff cured the pre-petition arrears and "[is] current with all post-petition payments consistent with § 1322(b)(5) of the Bankruptcy Code, including all fees, charges, expenses, escrow, and costs" and the next post-petition payment due was November 1, 2017.  FAC, ¶ 78; Exhibit C (Response to Notice of Final Cure); *188 LLC*, 300 F.3d at 735.

On or about January 4, 2018, Planet Home transferred servicing to Fay.  FAC, ¶ 59.

Pursuant to Fed. R. Bankr. P. 3002.1(h), the deadline for Plaintiff or the Chapter 13 Trustee to file a motion to dispute the payment history was February 9, 2018.  However, neither Plaintiff nor the Chapter 13 Trustee disputed the payment history.  Exhibit D (Docket in the Bankruptcy); *Parungao v. Cmty. Health Sys.*, 858 F.3d 452, 457 (7th Cir. 2017) (the Court may take judicial notice of matters of public record).

Instead, on February 9, 2018, the Chapter 13 Trustee filed the Final Report and Account and stated that Plaintiff completed the case and certified the amount received from Plaintiff and the amounts disbursed to each creditor.  *See* Exhibit A.  Specifically, she disbursed $5,922.93 toward pre-petition mortgage arrearage and $26,425.38 toward post-petition mortgage payments.

*Id*. (Final Report and Account at p. 3).  Thus, the Chapter 13 Trustee acknowledged that her Notice of Final Cure was **inaccurate** because she had disbursed $26,425.38 (58 installments x $455.61) rather than $27,336.60 (60 installments x $455.61) for post-petition mortgage payments.  *Id.*

In other words, when Plaintiff completed his Chapter 13 the next payment due was September 1, 2017.  Planet Home applied Plaintiff's November 1, 2017 payment to the September 1, 2017 installment and the December 1, 2017 payment to the October 1, 2017 installment.  FAC, Exhibit J at p. 4.  Planet Home received 60 post-petition payments as required by the Plan, but this included the two payment Plaintiff made directly to Planet Home between the time he completed the Chapter 13 and the date of the Response.

Consistent with the terms of the Note and Mortgage, Fay and SN Servicing applied Plaintiff's payments in the same manner (to interest and principal).  FAC, Exhibit J at p. 1, Exhibit W at pp. 1-3.  Thus, Plaintiff did not cure the default during or after the bankruptcy.

On the same day that the Chapter 13 Trustee filed her Final Report and Account, the Bankruptcy Court entered an Order of Discharge.  FAC, ¶ 81.

On March 23, 2018, Fay transferred servicing to SN Servicing.  FAC, ¶ 62.

## Legal Standard

In order to withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain allegations that 'state a claim to relief that is plausible on its face.'"  *See, e.g., McCauley v. City of Chicago*, 671 F. 3d 611, 615 (7th Cir. 2011).  "A claim has a facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.

The United States Court of Appeals for the Seventh Circuit has "interpreted *Twombly* and

5

*Iqbal* to require the plaintiff to 'provide some specific facts' to support the legal claims asserted in the complaint." *McCauley*, 671 F. 3d at 616 (citing *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). "The degree of specificity required is not easily quantified, but 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." *Id.* (citing *Swanson v. Citibank, N.A*., 614 F.3d 400, 404 (7th Cir. 2010)).

In evaluating a motion to dismiss, the court must consider "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 fn.1 (7th Cir. 2012). To the extent an exhibit attached to or referenced by the complaint contradicts the complaint's allegations, the exhibit takes precedence. *See, e.g., Forrest v. Universal Sav. Bank, F.A*., 507 F.3d 540, 542 (7th Cir. 2007).

**Argument**

**I.     Plaintiff's Discharge Injunction Claim Should be Dismissed.**

In Court VI, Plaintiff alleges that SN Servicing violated 11 U.S.C. § 524(i) by collecting or attempting to collect "charges and other amounts existing previous to discharge but not included in a proof of claim or Notice of Fees." FAC, ¶ 285.

The discharge injunction prohibits virtually all actions by a creditor to collect personally from a debtor the debts discharged in the bankruptcy. *See* 11 U.S.C. § 524(a)(2). Plaintiff's bankruptcy, however, did not discharge his personal liability for the Mortgage because the debt was not paid off during the Plan. *See, e.g.*, *In re Matteson*, 535 B.R. 156, 162 (B.A.P. 6th Cir. 2015) (mortgages provided for under 11 U.S.C. § 1322(b)(5) falls under the exception to discharge in 11 U.S.C. § 1328). *Accord*, *In re Ridley*, 572 B.R. 352, 360 (Bankr. E.D. Okla. 2017).

>Instead, Plaintiff relies on section 524(i) which provides as follows:
>
>The willful failure of a creditor to credit payments received under a plan confirmed under this title, unless the order confirming the plan is revoked, the plan is in default, or the creditor has not received payments required to be made under the plan in the manner required by the plan (including crediting the amounts required under the plan), shall constitute a violation of an injunction under [11 U.S.C. § 524(a)(2)] if the act of the creditor to collect and failure to credit payments in the manner required by the plan caused material injury to the debtor.

*In re Houlik*, 481 B.R. 661, 672 (B.A.P. 10th Cir. 2012) (quoting 11 U.S.C. § 524(i)). Put differently, "if a creditor fails to properly **credit payments made under a confirmed plan**, § 524(i) treats such conduct as a violation of the discharge injunction even if the underlying debt is not discharged." *In re Ridley*, 572 B.R. at 360-61 (emphasis added).

Plaintiff's claim fails because SN Servicing properly credited all payments from the Chapter 13 Trustee. Further, the FAC does not contain any allegations indicating that SN Servicing assessed any fees and charges due to any misapplication of payments from the Chapter 13 Trustee. Thus, section 524(i) does not provide any basis for relief and this Court should dismiss Court VI of Plaintiff's FAC with prejudice, and without leave to amend.

      **A.**      **SN Servicing Properly Credited the Chapter 13 Trustee's Payments.**

Initially, Plaintiff claims that he "must be current" because he completed the Chapter 13 "and made all post-petition payments." FAC, ¶¶ 82, 286, 287. Not so. A discharge order does not declare that the "the mortgage is current and all defaults have been cured." *In re Carlton*, 437 B.R. 412, 425 (Bankr. N.D. Ala. 2010).

Instead, the Bankruptcy Rules added Rule 3002.1 to address the application of mortgage payments in Chapter 13. *See In re Parkman*, 589 B.R. 567, 577 (Bankr. S.D. Miss. 2018) (citing Fed. R. Bankr. P. 3002.1 advisory committee's notes to 2011 amendment). Specifically, "Rule 3002.1 provides for judicial resolution of **any dispute about the debtor's home mortgage**

7

**payments, including whether the lender properly applied payments."** *Id*., at 577-78.  In other words, "[i]f the creditor's accounting differs from the Trustee's, either the Trustee or the debtor may file a motion asking the court to determine whether the default has been cured and all required postpetition amounts have been paid." *Id.*, at 578 (citing Fed. R. Bank. P. 3002.1(h)).  "This procedure ensures that if the creditor has misapplied payments under the plan, the court will consider the issue **before** discharge." *Id.*  (emphasis added).

Here, the Chapter 13 Trustee's Notice of Final Cure claimed that she paid $5,922.93 to prepetition arrears, which satisfied the pre-petition installment due between September 2011 and October 2012 (13 installments x $455.61) as indicated in the Proof of Claim, and $27,336.60 to post-petition mortgage payments, which would ostensibly satisfy the post-petition installments due between November 2012 and October 2017 (60 installments x $455.61).  *Id.*

Planet Home **disagreed** with the Chapter 13 Trustee's Notice of Final Cure and its Response pursuant to Rule 3002.1(g) stated that as of January 19, 2018, the next payment due was November 1, 2017.  *See* Exhibit C.  Logically, this included any payments Planet Home received through the date of its Response.

The Chapter 13 Trustee and Plaintiff did not dispute the payment history under Rule 3002.1(h).  *See* Exhibit D (Docket); *In re Parkman*, 589 B.R. at 577-78.  To the contrary, the Chapter 13 Trustee acknowledged that her Notice of Final Cure was **wrong** and that Planet Home's payment history was accurate.  As the Final Report and Account indicates, the Chapter 13 Trustee paid $5,922.93 to prepetition arrears (the same amount as the Notice of Final Cure), but only $26,425.38 to post-petition mortgage payments meaning the post-petition payments would only satisfy the installments due between November 2012 and August 2017 (58 installments x $455.61). *See* Exhibit A (Final Report and Account); *188 LLC*, 300 F.3d at 735;

*Parungao*, 858 F.3d at 457. Thus, when Plaintiff completed his Chapter 13 Plan the next payment due was September 1, 2017 (i.e., he was two payments behind).

Plaintiff **does not** allege that he made two additional payments to bring the account current. Instead, Plaintiff merely alleges that he "continued to make timely and adequate monthly payments to Fay" under the guise that he was already current and that Fay misapplied his payments. FAC, ¶ 83. The Mortgage permits the loan servicer to apply payments in the order that it receives them. *In re Gifford*, 256 B.R. 661, 664 (Bankr. Conn. 2000) ("in the absence of a conflict with the Bankruptcy Code, state law will govern the interpretation and application of the terms of a mortgage contract."). As the FAC indicates, Planet Home applied Plaintiff's November 1, 2017 payment to the September 1, 2017 installment and the payment thereafter to the October 1, 2017 installment. FAC, Exhibit J at p. 4. Fay and SN Servicing also applied Plaintiff's payments in the same manner. FAC, Exhibit J at p. 1, Exhibit W at pp. 1-3. Thus, the Loan is delinquent due to two missing payments that Plaintiff failed to make to the Chapter 13 Trustee.

Plaintiff's reliance on *In re Ridley*, 572 B.R. 352 (Bankr. E.D. Okla. 2017) is misplaced because the creditor in that case declared the mortgage delinquent **after** the debtor cured the default in his bankruptcy. FAC, ¶ 252. In contrast, Plaintiff here **did not** cure the default during his Bankruptcy. Tellingly, the Chapter 13 Trustee's Final Report and Planet Home's Response to the Notice of Final Cure both indicate that Plaintiff needed to make two additional post-petition payments to cure the default. Thus, *Ridley* is inapposite and does not help Plaintiff.

In sum, the Loan is delinquent because the Chapter 13 Trustee made 58 post-petition payments instead of 60. Because the default is the result of Plaintiff's own failure to adequately

9

fund his Chapter 13 Plan, his argument that "must be current" because he completed his bankruptcy is factually inaccurate, contrary to basic math, and legally meritless.

Accordingly, this Court should dismiss Plaintiff's claim for violation of section 524(i) with prejudice and without leave to amend.

### B. Plaintiff Fails to Allege Any Basis for Relief Under Section 524(i).

In addition, SN Servicing did not misapply any payments from the Chapter 13 Trustee that resulted in his alleged damages.

Plaintiff alleges that SN Servicing assessed late fees of $203.50 between May 2018 and March 2019 (11 months x $18.50), which were allegedly "the result of SN's own failure to apply payments as contractually and legally obligated." FAC, ¶¶ 98, 289, 290. However, the payment history attached to the FAC unequivocally demonstrates that SN Servicing assessed these late fees for payments that became due on May 1, 2018 through March 1, 2019. FAC, Exhibit W. SN Servicing **did not** assess these alleged fees for any payments made under the Chapter 13 Plan, which terminated in November 2017. *See* Exhibit C; *Parungao*, 858 F.3d at 457. The Note and Mortgage authorized the late fees because the Loan was continuously delinquent after the bankruptcy.

Plaintiff also alleges that "SN paid itself $75.53 for [attorney fees and costs] previously assessed by Fay," which he claims SN Servicing could not collect because "Fay did not provide notice of these fees or expenses to the Bankruptcy Court as required by FRBP § 3002.1(c). FAC, ¶¶ 94, 96, 97. This allegation appears to be based on the February 10, 2018 entry for "statutory expenses" in Fay's payment history. FAC, Exhibit J at p. 1. However, the notice requirements under Rule 3002.1 ceased to apply when the automatic stay terminated on February 9, 2018. *See* Fed. R. Bankr. P. 3002.1(a); 11 U.S.C. 362(c)(1), (c)(2)(C). Fay allegedly assessed this fee **after**

entry of the discharge order on February 9, 2018.  FAC, ¶ 81.  Thus, Fay was not required to file any Rule 3002.1 notice and its alleged assessment of the fee did not violate the Bankruptcy Code.

Moreover, "[w]hen an exhibit incontrovertibly contradicts the allegations in the complaint, the exhibit ordinarily controls, even when considering a motion to dismiss." *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013).  Plaintiff's allegation that SN Servicing paid itself $75.53 is inconsistent with the payment history attached to his complaint which indicates that SN Servicing applied Plaintiff's payments to principal and interest.  FAC, Exhibit W at pp. 1-3.  This alleged fee is nowhere to be found in SN Servicing's payment history.  *Id.*

Similarly, the payment history does not contain any entry supporting Plaintiff's allegation that as of March 19, 2019, SN Servicing demanded "Attorney Fees" of $50.53 and "Corporate Advances" of $2.50.  FAC, ¶ 289, Exhibit W at pp. 1-3.  On the contrary, the payoff quote dated March 19, 2019, which presumably supports the alleged "demand" for payment even though Plaintiff requested the payoff, does **not** contain any "Attorney Fees" or "Corporate Advances" and merely includes the late fees authorized by the Note and Mortgage.  FAC, Exhibit Y at p. 2.

Put simply, there are no allegations in the FAC indicating that SN Servicing assessed any late fees due to the failure to credit payments received under the Chapter 13 Plan.  11 U.S.C. § 524(i).  Thus, Plaintiff fails to allege any basis for relief under section 524(i).

For all these reasons, Plaintiff is not entitled to any relief under section 524(i) and the Court should dismiss his claim with prejudice, and without leave to amend.

**II.     Plaintiff's TILA Claim Should be Dismissed.**

In Count XIII, Plaintiff alleges that Trustee is liable for damages under 15 U.S.C. § 1640(a) because it allegedly beached it duties: (1) under 15 U.S.C. § 1639f and 12 C.F.R. §

11

1026.36(c)(1) "to promptly credit payments," and (2) under 15 U.S.C. § 1638(f) and 12 C.F.R. § 1026.41 to send periodic statements. FAC, ¶ 325. Plaintiff's TILA claim fails because the civil remedy provision in 15 U.S.C. § 1640(a) only applies to original lender.

Section 1640(a) of TILA – the civil remedy provision for violations of sections 1639f and 1638(f) – provides that "any creditor who fails to comply with any requirement imposed under this part … with respect to any person is liable to such person." 15 U.S.C. § 1640(a). The term "creditor" is defined as:

> The term "creditor" refers only to a person who **both** (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, **and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement**…

15 U.S.C. § 1602(g) (emphasis added).

TILA extends creditor liability to an assignee "only if" the violation "is apparent on the face of the disclosure statement." 15 U.S.C. § 1641(e)(1)(A). A violation is apparent on the face of the disclosure statement if "(A) the disclosure can be determined to be incomplete or inaccurate by a comparison among the disclosure statement, any itemization of the amount financed, the note, or any other disclosure of disbursement; or (B) the disclosure statement does not use the terms or format required to be used by this subchapter." 15 U.S.C. § 1641(e)(2).

Put differently, violations based on information and events that occur **after** a mortgage loan has been made cannot serve as a basis for assignee liability under TILA. *See, e.g.*, *Evanto v. Fannie Mae*, 814 F.3d 1295, 1298 (11th Cir. 2016) (rejecting argument that this is a "loophole" in the statute); *Vincent v. Money Store*, 736 F.3d 88, 108 (2d Cir. 2013) ("consumers cannot rely on TILA as a remedy to force an assignee to refund a credit balance").

Plaintiff's own allegations indicate that ONB originated the Loan and that Trustee is merely a subsequent assignee of the Mortgage.  FAC, ¶¶ 44, 57, Exhibit CC (Note and Mortgage).  Plaintiff bases his claims on alleged acts and omissions that occurred more than twenty years after he obtained the Loan.  Because Trustee is not a "creditor" as defined in TILA, and because the alleged violations in this case do not stem from any disclosure statements made before the Loan closed, Plaintiff's purported TILA claim fails as a matter of law.

In fact, courts have consistently held that borrowers cannot pursue TILA claims against an assignee of the mortgage for violation of §§ 1639f and 1638(f).  *See, e.g.*, *James v. Nationstar Mortg., LLC*, 92 F. Supp. 3d 1190 (S.D. Ala. 2015) ("plaintiffs cannot pursue their TILA claim against FNMA for violation of § 1639f."); *Kemp v. Seterus, Inc.*, 348 F. Supp. 3d 443 (D. Md. 2018) ("[plaintiff's] claim for inaccurate payoff balances are not cognizable TILA claims against Fannie Mae as an assignee."); *Cruz v. Green Tree Mortg. Servicing, LLC*, 2016 U.S. Dist. LEXIS 107391, *24 (D. Conn. Aug. 15, 2016) ("Fannie Mae is not liable as an assignee for Green Tree's alleged violations"); *Selman v. Citimortgage, Inc.*, 2013 U.S. Dist. LEXIS 37017, 2013 WL 838193, *60 (S.D. Ala. 2013) (S.D. Ala. Mar. 5, 2013) ("TILA authorizes civil actions to be filed only against 'creditors,' which are defined as the person to whom the debt arising from the [plaintiffs'] mortgage loan was initially payable on the face of the Mortgage.  Neither Fannie Mae nor [the servicer] is that person; therefore, they reason, they cannot be 'creditors' within the meaning of § 1640(a) and cannot be liable under TILA for a violation of § 1639f"); *Faiella v. Green Tree Servicing LLC*, No. 16-cv-088, 2017 U.S. Dist. LEXIS 20591, *9 (D. N.H. Feb. 14, 2017) (dismissing § 1638(f) claim); *Shilo v. Ditech Fin. LLC*, No. 16-11564, 2017 U.S. Dist. LEXIS 117629, *20 (D. Mass. Jul. 26, 2017) (same).

In sum, Trustee is not a creditor as defined by TILA because it is not the originating lender and the Note is not initially payable to it. As such, Trustee cannot be liable for the alleged TILA violations.

Accordingly, this Court should dismiss Count XIII of Plaintiff's FAC with prejudice, and without leave to amend.

WHEREFORE, Defendants SN Servicing Corporation and U.S. Bank Trust National Association, as Trustee of the SCIG Series III Trust respectfully request that the Court grant this Motion, and dismiss Count VI and XIII of the FAC with prejudice and without leave to amend, and provide such other and further relief as it deems just and proper.

Respectfully submitted,

/s/ Pamela A. Paige
Pamela A. Paige, Esq. (#16163-49)
PLUNKETT COONEY, P.C.
300 N. Meridian, Suite 990
Indianapolis, IN 46204
Telephone: (317) 964-2730
ppaige@plunkettcooney.com
Attorney for Defendants
*SN Servicing Corporation and*
*U.S. Bank Trust National Association, as*
*Trustee of the SCIG Series III Trust*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of November, 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's ECF. Parties may access this filing through the Court's system:

Travis W. Cohron – tcohron@clarkquinnlaw.com

Michael P. Maxwell , Jr. – mmaxwell@clarkquinnlaw.com

David W. Patton – David.Patton@Woodenlawyers.com

John D. Waller – john.waller@woodenlawyers.com

/s/  Pamela A. Paige
Pamela A. Paige, Esq. (16163-49)
Attorney for Defendants
*SN Servicing Corporation and*
*U.S. Bank Trust National*
*Association, as Trustee of the SCIG*
*Series III Trust*