2064-2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Indianapolis Division**

MICHAEL F. CRUM,                                      )
                                                     )
                              Plaintiff,             )          No. 1:19-cv-2045-JRS-TAB
        v.                                           )
                                                     )
SN SERVICING CORPORATION,                            )
FAY SERVICING, LLC, PLANET HOME                      )
LENDING, LLC, EQUIFAX INFORMATION                    )
SERVICES, LLC, HOME SERVICING, LLC,                  )
and US BANK TRUST NATIONAL                           )
ASSOCIATION, as trustee of the SCIG                  )
Series III Trust,                                    )
                                                     )
                              Defendants.            )

_____

**MEMORANDUM IN SUPPORT OF PLANET HOME LENDING'S MOTION TO**
**DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**
_____

Defendant, PLANET HOME LENDING, LLC, ("PHL") by and through its attorneys,

hereby submits the following Memorandum in Support of its Motion to Dismiss Counts IX, X and

XIV of MICHAEL F. CRUM's ("Plaintiff") First Amended Complaint ("FAC") pursuant to Fed.

R.. Civ. Pro 12(b)(1) and 12(b)(6).

**INTRODUCTION**

Although it takes him 55 pages, over 360 paragraphs and 29 exhibits to say so, Plaintiff's

beef with the defendants, the servicers that serviced his loan -- Home Servicing LLC, PHL, Fay

Servicing, LLC and SN Servicing Corp. -- is they misapplied payments he made in his Chapter 13

bankruptcy and collected late fees and other charges that he was not provided notice of. Of the

seventeen counts of the FAC, only three are directed at PHL. Counts IX and X allege that PHL

violated the automatic stay under 11 USC §362(a) and Fed. Bankr. R. 3002.1(c) by converting

payments Plaintiff made in the Bankruptcy for its own purposes "via the collection of fees, charges, and costs" (FAC ¶ 309) and that it failed to provide Plaintiff with notice of those fees it collected. (FAC ¶ 310).  Plaintiff alleges in Count XIV that PHL's "conversion" of suspense account funds in the amount of $523.55 was actionable under the Indiana Victim's Relief Act ("VRA") §34-24-3-1. (FAC ¶¶ 339-343).

The claims directed at PHL should be dismissed with prejudice and without leave to amend. First, this Court cannot hear the claims alleging a violation of the automatic stay or of the bankruptcy rules.  Only the bankruptcy court can hear those claims because upon the filing of this action those claims were automatically referred to the bankruptcy court.  Moreover, these claims fail as a matter of law as the records Plaintiff attaches to his pleadings completely disprove the merits of his allegations. They show that PHL neither collected any fees, charges, or costs nor removed any funds from the suspense account during the time it serviced the loan.  Lastly, the claim arising under the VRA is time-barred and similarly undermined by the records attached to the FAC.

## FACTS ALLEGED IN THE PLEADING
## AND THE EXHIBITS ATTACHED THERETO

In 1997, Plaintiff obtained the mortgage loan at issue ("Loan") from ONB Bank, evidenced by a promissory note ("Note") and mortgage ("Mortgage"). (FAC, ¶¶ 4, 44, Ex. CC). Under the terms of the Loan, Plaintiff's payments are due on the first of the month. (FAC, Ex. CC (Note at ¶ 7)). The Mortgage allows the lender to advance funds to protect its interest in the property, including attorneys' fees for a legal proceeding, and then add the fees to the debt. (*Id.* Mortgage at ¶ 7). The Note and Mortgage provide that payments shall be applied first to interest and principal, then to property taxes and hazard insurance, and finally to any late fees. (*Id.* Mortgage at ¶ 3; Note at ¶¶ 1-7).

On October 10, 2012, Plaintiff filed a Chapter 13 petition in the U.S. Bankruptcy Court

for the Southern District of Indiana, case number 12-12077 ("Bankruptcy"). (FAC, ¶ 65). The loan servicer at the time, Home Servicing LLC, filed a timely Proof of Claim (FAC, ¶¶ 70-72). In mid-2017, PHL became the new loan servicer and on July 24, 2017 filed a transfer of claim with the Bankruptcy court. (FAC, ¶¶ 76, 77). On January 4, 2018, PHL transferred servicing to Fay.  (FAC, ¶ 59).  So, PHL's involvement in the Loan lasted only eight months.

The account history, which Plaintiff attaches to his pleading as Exhibit J, shows that PHL did not collect any "fees, charges or costs" during the time it serviced the loan, nor did it remove any funds from the suspense account. (FAC, Exhibit J). In fact, Exhibit J shows that every payment that PHL received it applied to principal and interest, only.  (*Id*).

## STANDARD OF REVIEW

To withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain allegations that 'state a claim to relief that is plausible on its face.'" *See, e.g., McCauley v. City of Chicago,* 671 F. 3d 611, 615 (7th Cir. 2011). "A claim has a facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must "provide some specific facts to support the legal claims asserted in the complaint." *McCauley,* 671 F.3d at 616. In evaluating a motion to dismiss, the court must consider "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago,* 675 F.3d 743, 745 n.l (7th Cir. 2012). To the extent an exhibit attached to or referenced by the complaint contradicts the complaint's allegations, the exhibit takes precedence. *See, e.g., Forrest v. Universal Sav. Bank, F.A.,* 507 F.3d 540, 542 (7th Cir. 2007). Moreover, where the grounds for dismissal is on the on statute-of-limitations grounds constitutes it constitutes a dismissal for failure to state a claim pursuant to Fed. R. Civ. Pro. 12(b)(6) if the claim is "indisputably time-

barred." *Rosado v. Gonzalez,* 832 F.3d 714, 716 (7th Cir. 2016).

## ARGUMENT

### A. THIS COURT CANNOT HEAR PLAINTIFFS' PURPORTED CLAIM FOR VIOLATION OF THE AUTOMATIC STAY AND BANKRUPTCY RULES.

This Court must dismiss Plaintiff's claim for PHL's supposed violation of the automatic

stay under 11 U.S.C. § 362(k) and Fed. Bankr. R. 3002.1(c) because the claim constitutes a core

proceeding that was referred to the bankruptcy court upon the filing of the complaint under 28

U.S.C.§157(a) and Local Rule 83-8(a). The bankruptcy court has this claim now.

Pursuant to 28 U.S.C. §1334(b), "the district courts shall have original but not exclusive

jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under

title 11." Under 28 U.S.C. §157(a), "[e]ach district court may provide that any or all cases under

title 11 and any or all proceedings arising under title 11 or arising in or related to a case under

title 11 shall be referred to the bankruptcy judges for the district." Southern District of Indiana

Local Rule 83-8(a) provides as follows:

> (a) Cases Referred to Bankruptcy Court. Consistent with 28 U.S.C. §157(a), all
> cases and proceedings arising under Title 11 of the United States Code, or
> relating to a case under Title 11 of the United States Code, are referred to the
> district's bankruptcy court. This includes all cases removed under 28 U.S.C.
> §§1441(a) or 1452.

Local Rule 83-8(a).

"Core proceedings are actions by or against the debtor that arise under the Bankruptcy

Code in the strong sense that the Code itself is the source of the claimant's right or remedy *** "

*In re United States Brass Corp.,* 110 F.3d 1261, 1268 (7th Cir. 1997). "A district judge should

not hear as an original matter any part of a bankruptcy case it has referred to a bankruptcy judge

without first withdrawing the reference *** 'for cause shown.'" *Home Ins. Co. of Illinois v. Adco*

*Oil Co.*, 154 F.3d 739, 741-742 (7th Cir. 1998). Thus, "it is generally accepted that only the

bankruptcy court has authority to punish parties for violating the automatic stay *** ." *In re Benalcazar*, 238 B.R. 514, 522 (Bankr. N.D. Ill. 2002).

In the present matter, Plaintiff bases his bankruptcy-related claim upon alleged violations of 11 U.S.C. §362 of the Bankruptcy Code and Bankruptcy Rule 3002.1. The claims is a core claim that was automatically referred to the bankruptcy court upon the filing of the complaint pursuant to 28 U.S.C. §157(a) and Local Rule 83-8(a). Moreover, according to the docket, this Court has not withdrawn the reference. As such, the Bankruptcy court has this claim and this Court is without the power and authority to hear it.

*Mansker v. Diversified Adjustment Services, Inc.,* 2017 WL 2908768 (N.D. Ill. 2017) is instructive. In that case, the district court dismissed plaintiff's claim alleging a violation of the automatic stay. It based its decision on a local rule that is identical to Local Rule 83-8(a). "[A]s the Court reads the relevant local rule, Mansker's claim is automatically referred to the bankruptcy court upon the filing of the Complaint." *Id*. at 5. The district court declined to withdraw the reference. *Id*. "The fact that the claim belongs in a core bankruptcy proceeding . . . cuts strongly against withdrawing the claim from the court that has the most expertise over the matter . . ." *Id*. at 6. This understanding of how the local rule operates to bar bankruptcy related claims in district court is shared by several courts. *See Folkerts v. Seterus, Inc.,* 2017 WL 3978185 (N.D. Ill. 2017) (Plaintiffs cannot bring their claim for the alleged violations of the bankruptcy stay and bankruptcy discharge injunction in federal court); *Gagnon v. JPMorgan Chase Bank, N.A.,* 563 B.R. 835, 854 (N.D. Ill. 2017) ("[ ] the Court concludes that it does not currently have jurisdiction over Plaintiff's claim for violation of the automatic stay *** " ); *McFarland v. Bass & Associates, P.C.,* 1997 WL 711426, at 3 (N.D. Ill. 1997)("[T]he  claims will be dismissed without prejudice and plaintiffs may file appropriate pleadings directly in the bankruptcy court."); *Bauer v. Sears Roebuck & Company,*  1999  WL 301670, at 1 (N.D.

Ill. 1999) ("Many judges in this district have applied Local Rule 2.33" and "have either dismissed the claims without prejudice or transferred them to the bankruptcy courts."); *Kim v. Fayazi,* 1998 WL 729753, at 3 (N.D. Ill. 1998)("Rather than refer these claims to the Bankruptcy Court, . . . this court dismisses these claims without prejudice and leaves it to Kim to decide whether to reallege these claims in the appropriate Bankruptcy Court forum.").

Accordingly, this Court should dismiss Plaintiff's claim against PHL for supposedly violating the automatic stay and Bankruptcy rules.

### B. PLAINTIFF'S CLAIM UNDER THE VRA IS TIME-BARRED.

Essentially, the VCR allows a person who suffers pecuniary loss as a result of certain property crimes to seek treble damages and attorneys' fees. Ind.Code § 34–24–3–1. Because a claim under the VCR is primarily penal in nature, courts have held that a two-year statute of limitations applies. *In re Rose*, 585 F.3d 306, 309 (7th Cir. 2009); *Clark v. Univ. of Evansville,* 784 N.E.2d 942, 945 (Ind.Ct.App.2003).

Here, Plaintiff alleges that "[o]n or about May 2, 2017" PHL withdrew funds totaling $523.55 from a suspense account. (FAC ¶ 117). This amount was not applied to the Loan, nor was it subsequently returned to the suspense account, and nor was it accounted for or returned to Plaintiff. (FAC ¶¶ 117-119). Plaintiff alleges that by allegedly withdrawing these funds PHL committed conversion by "knowingly or intentionally exert[ing] unauthorized control" over Plaintiff's funds. (FAC ¶ 339).

Thus, by Plaintiff's reckoning PHL allegedly committed conversion on May 2, 2017, but he did not bring this suit until May 22, 2019. As such, it is time-barred. *See, Clark v. Univ. of Evansville*, at 945; *PNC Bank, Nat. Ass'n v. U.S. Army Corps of Engineers,* 2015 WL 880596, at *5 (N.D. Ind.).

C. **THE LOAN HISTORY ATTACHED TO THE AMENDED COMPLAINT SHOWS THAT PHL DID NOT COLLECT ANY FEES, CHARGES, OR COSTS AND DID NOT REMOVE ANY FUNDS FROM THE SUSPENSE ACCOUNT.**

Should the Court conclude that it can hear the Bankruptcy related claims and/or decide that the VRA claim is not time-barred, then it must dismiss those claims with prejudice because they are undermined by the exhibits attached to the FAC.

"[A] plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment." *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 455 (7th Cir.1998). Further, "[i]t is a well-settled rule that when a written instrument contradicts allegations in the complaint to which it is attached, the exhibit trumps the allegations." *Id*. at 454. "[I]n a unilateral writing by a defendant and attached by a plaintiff to a complaint as true, it is necessary to consider why a plaintiff attached the documents, who authored the documents, and the reliability of the documents." Id. at 455. When comparing the statements in the attached exhibits to the complaint, the court should also consider the type of document which the exhibit is and the purpose for which the document is offered. *Id*. at 456.

Plaintiff alleges that during the time it serviced the loan, PHL converted payments that Plaintiff had made in the Bankruptcy for its own purposes via collection of "fees, charges, and costs" (FAC, ¶ 309) and that it converted suspense funds in the amount of $523.55. (FAC ¶¶ 339-343). To support these allegations, Plaintiff attaches a "true and accurate copy of the partial Life of Loan History" as Exhibit J. to his pleading. (FAC, ¶¶ 84, 88; Ex. J). This document, Plaintiff concedes, "reflects the current mortgage balance, the date of receipt and application of all payments, the date of assessments for any late fees or charges, and the recording of any corporate advances for any legal fees or charges, *** ". (FAC, ¶ 84).

But nowhere on Exhibit J does it show that PHL collected any fees, charges, or costs or withdrew any money from the suspense account. Exhibit J shows that PHL received nine payments

during the time it serviced the loan, and applied each of those payments to principal and interest, only. Further, Exhibit J shows that the suspense balance never changed while PHL serviced the Loan and the suspense account had the exact same balance at the time PHL began servicing the Loan as when it transferred servicing to Fay Servicing, LLC. (*Id*). In other words, the exhibit contradicts the allegations of the complaint and Plaintiff has plead himself out of court. *See, Miszczyszyn v. JPMorgan Chase Bank, N.A.,* 2019 WL 1254912, at *5 (N.D. Ill.) ("Plaintiff's allegation that the assessment of the fees resulted in the accrual of additional interest is implausible given that allegation is contradicted by the exhibit attached to Plaintiff's complaint, [ ], the only plausible reading of which demonstrates that property inspection fees are not considered in the calculation of interest. Any other conclusion would strain credulity"); *Konieczka v. Wachovia Mortg. Corp.*, 2012 WL 1049910, at *2 (N.D. Ill.) (Plaintiffs' allegation that as a result of defendant's conduct they incurred late fees, penalty fees, and a negative impact to their personal credit ratings and histories were directly negated by a letter from defendant that plaintiff attached to the complaint which showed that defendant did not charge fees and had corrected the account); *Levey v. CitiMortgage, Inc.,* 2009 WL 2475222, at *5 (N.D. Ill.) (Plaintiff's allegation that she never received "approximately $100,000" from the proceeds of the loan is flatly contradicted by the loan statement she attached to the complaint).

Thus, because the allegations directed at PHL are contradicted by the Life of Loan History, Plaintiff's claims fail as a matter of law.

WHEREFORE, Defendant, PLANET HOME LENDING, LLC respectfully request this Court to dismiss Counts IX, X and XIV of the Plaintiff's First Amended Complaint with prejudice

and without leave to amend, and provide such other and further relief as it deems just and proper.

Respectfully submitted,

/s/   Jill A. Sidorowicz
Attorney for Defendant
Planet Home Lending, LLC
Noonan & Lieberman, Ltd.
105 W. Adams, Suite 1800
Chicago, Illinois  60603
312-431-1455
jsidorowicz@noonanandlieberman.com

9

2064-2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**Indianapolis Division**

| | | |
|---|---|---|
| MICHAEL F. CRUM, | ) | |
| | ) | |
| Plaintiff, | ) | No. 1:19-cv-2045-JRS-TAB |
| v. | ) | |
| | ) | |
| SN SERVICING CORPORATION, | ) | |
| FAY SERVICING, LLC, PLANET HOME | ) | |
| LENDING, LLC, EQUIFAX INFORMATION | ) | |
| SERVICES, LLC, HOME SERVICING, LLC, | ) | |
| and US BANK TRUST NATIONAL | ) | |
| ASSOCIATION, as trustee of the SCIG | ) | |
| Series III Trust, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**CERTIFICATE OF SERVICE**
_____

I hereby certify that on December 12, 2019, I electronically filed the foregoing MEMORANDUM IN SUPPORT OF MOTION TO DISMISS using the CM/ECF system, which will send notification of such filing to all attorneys of record:

**Michael P. Maxwell, Jr.**
**Travis W. Cohron**
Clark Quinn Moses Scott & Grahn LLP
320 North Meridian Street, Suite 1100
Indianapolis, IN 46204
mmaxwell@clarkquinnlaw.com
tcohron@clarkquinnlaw.com

**Pamela A. Paige**
Plunkett Cooney
300 N. Meridian Street, Suite 990
Indianapolis, IN 46204
ppaige@plunkettcooney.com

**David W. Patton**
**John D. Waller**
Wooden & McLaughlin LLP
One Indiana Square, Suite 1800

Indianapolis, IN  46204
David.Patton@woodenlawyers.com
john.waller@woodenlawyers.com


                                             /s/   Jill A. Sidorowicz
                                             Attorney for Defendant
                                             Planet Home Lending, LLC
                                             Noonan & Lieberman, Ltd.
                                             105 W. Adams, Suite 1800
                                             Chicago, Illinois  60603
                                             312-431-1455
                                             jsidorowicz@noonanandlieberman.com

12