UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Indianapolis Division

| | | |
|---|---|---|
| MICHAEL F. CRUM, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No.   1:19-cv-2045-JRS-TAB |
| | ) | |
| SN SERVICING CORPORATION, | ) | |
| FAY SERVICING, LLC., PLANET HOME | ) | |
| LENDING, LLC, EQUIFAX INFORMATION | ) | |
| SERVICES, LLC, HOME SERVICING, LLC, | ) | |
| And U.S. BANK TRUST, NA, as Trustee of the | ) | |
| SCIG Series III Trust, | ) | |
| | ) | |
| *Defendants* | ) | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANT U.S. BANK TRUST, NA'S MOTION DISMISS**

Plaintiff, Michael Crum ("Crum"), by counsel, submits this Response in Opposition to the Motion to Dismiss submitted by Defendants, SN Servicing Corporation ("SN") and U.S. Bank Trust National Association, as Trustee of the SCIG Series III Trust ("U.S. Bank") (both collectively referenced herein as the "Defendants"). Defendants seek to dismiss Counts VI and XIII of the First Amended Complaint ("FAC"). For the reasons set forth below, Crum respectfully requests the Court deny the Motion to Dismiss in all respects.

**INTRODUCTION**

This case concerns U.S.'s pattern of recurrent mistreatment of Crum as a borrower over a number of years via its agent SN by: (a) wrongfully assessing expenses and charges to his loan both pre- and post-bankruptcy; (b) wrongfully failing to accept and apply payments made by

1

Crum for the Loan post-bankruptcy; (c) wrongfully creating a manufactured state of default under the Loan because of its wrongful acts and omissions; (d) wrongfully and repeatedly making demands and attempting to collect on the Loan even though it was not in default; and (e) twice wrongfully attempting to foreclose on Crum's home regardless of the fact that Crum had tendered every post-bankruptcy payment on the Loan in a timely and adequate manner. These wrongful acts and omissions by U.S. Bank and its agents have caused Crum emotional distress and financial damage.

The main thrust and strategy of the Defendants' Memorandum in Support of its Motion to Dismiss is suggest the delinquency at issue not result from any misapplication of payments or any error in or after the bankruptcy. Instead, they contend because the Chapter 13 Trustee only made 58 post-petition mortgage payments during the 60 month Plan that Crum did not cure his previous delinquency. But this assertion, a question of fact not properly determined at this stage of these proceedings, ignores Crum's allegation that he nonetheless paid all amounts due. This is because not only did the Defendants' misapply payments, the Proof of Claim sought sums not actually owed. The Chapter 13 Trustee did its job, the Defendants did not.

## LEGAL STANDARD

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.   To survive a motion to dismiss, a complaint must "contain [] enough facts to state a claim to relief that is plausible on its face."

*Iqbal*, 556 U.S. at 696 (internal quotation marks and citation omitted). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint or individual claim should be dismissed without leave to amend *only* when "it is clear . . . that the complaint could not be saved by amendment."

In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Ford v. Neese*, 119 F.3d 560, 563 (7th Cir. 1997).

## ARGUMENT

A. <u>Crum has adequately plead a claim for violation of TILA</u>

The Defendants' contend Crum's TILA based claims must be dismissed because it is an assignee, not a creditor. While it may be true U.S. Bank is, generally speaking, an assignee, this argument employs an impermissibly narrow reading of the statute and disregards authority wherein assignees were found to be liable for the acts and omissions of their servicers in situations nearly identical those alleged here. *See, e.g.*, *St. Breux v. U.S. Bank N.A*, 919 F. Supp. 2d 1371 (S.D. Fla. 2013) ("If an assignee were not responsible for its servicer's conduct, no party could be liable."); *see also Justice v. SN Loan Serv., L.L.C.*, 2014 WL 526143 (S.D. Ohio Feb. 7, 2014) (refusing to dismiss claim against assignee for servicer's violations of 15 U.S.C. § 1638g); *Cenat v. U.S. Bank, N.A*., 930 F. Supp. 2d 1347 (S.D. Fla. 2013) (absolving assignee from liability for servicer's violations would "allow assignees to retain the sloppiest servicers without any risk."); *R.G. Fin Corp. v. Vergara-Nunez,* 446 F.3d 178, 187 (1st Cir. 2006) ("Typically, a mortgage servicer acts as the agent of the mortgagee to effect collection of payments on the mortgage loan.").

In the present case, the alleged conduct underpinning Crum's TILA claims includes U.S. Banks' failure to promptly credit payments pursuant to 15 U.S.C. § 1639f, failure to send periodic mortgage statements pursuant to 15 U.S.C. § 1639f, and failure to provide a timely payoff statement pursuant to § 1639g. These acts and omissions are alleged to have been committed by U.S. Bank itself and, alternatively, by its agent SN for which it is vicariously liable.[1]

U.S. Bank offers two cases in support of its position that assignees are exempt from liability under TILA: *Vincent v. The Money Store*, 736 F.3d 88, 109 (2d Cir. 2013) and *Signori v. Federal Nat. Mortg. Ass'n*, 934 F.Supp.2d 1364, 1367-68 (S.D. Fla. 2013). However, these two cases represent a small sliver of the split of authority nationwide and particularly within the Southern District of Florida. A detailed analysis of the opinions and this split can be found in *Lucien v. Federal Nat. Mortg. Ass'n*, 21 F. Supp. 3d 1379 (S.D. Fla. 2014). As noted by District Judge Paul C. Huck:

> The courts that have considered this issue have reached different conclusions, but all agree that the statute, as drafted, makes little sense. Judge Scola and the Second Circuit have chosen to apply the statute literally, and held that assignees cannot be liable under TILA for obligations that arose after the assignment took place because, by definition, those violations could not have been "apparent on the face of the disclosure statements" provided by the original creditor. *Vincent v. The Money Store*, 736 F.3d 88, 109 (2d Cir.2013); *Signori*, 934 F.Supp.2d at 1368 (Scola, J.); *Alaimo*, 2014 WL 930787, at *3 (Scola, J.); *Alaimo*, 2014 WL 930787, at *3 (Scola, J.). Both courts note that such a construction creates a loophole for assignees, but reason that it is up to Congress to close that loophole. Judges Dimitrouleas and Marra, and one decision out of the Northern District of California have held that assignees can be liable for servicing failures, reasoning that creditors and assignees are identically situated with regards to post-origination violations, and should be treated the same under the statute. *Runkle*, 905 F.Supp.2d at 1333 (Dimitrouleas, J.); *St. Breux v. U.S. Bank N.A.*, 919 F.Supp.2d 1371 (S.D.Fla.2013) (Dimitrouleas, J.); *Cenat*, 930 F.Supp.2d at 1355

---

[1] Courts applying TILA have uniformly held that there is no servicer liability under TILA. *Khan*, 849 F. Supp. 2d 1379 ("TILA, however, does not impose liability on servicers, but rather provides a private cause of action against "creditors who fail [ ] to comply with any requirement imposed…").

(Marra, J.); *Hillery*, 2010 WL 1222739, at *4; *Rinegard–Guirma*, 2012 WL 1110071, at *10.

U.S. Bank seeks a narrow interpretation of the relevant provisions of TILA and the corresponding regulations. But such a narrow reading is inconsistent with the general rule that as a remedial law TILA is designed to protect consumers and thus should be liberally construed. *See, e.g.*, *Hauk v. JP Morgan Chase Bank United States*, 552 F.3d 1114 (9th Cir. 2009) ("To effectuate TILA's purpose, a court must construe 'the Act's provisions liberally in favor of the consumer' and require absolute compliance by creditors."); *Rand Corp. v. Yer Song Moua*, 559 F.3d 842, 845 (8th Cir. 2009) ("TILA ... was passed by Congress as a consumer protection act, and its provisions, as well as Regulation Z, are remedial legislation, to be construed broadly in favor of consumers."); *Roberts v. Fleet Bank*, 342 F.3d 260, 266 (3d Cir. 2003) ("As the TILA is a remedial consumer protection statute, we have held it should be construed liberally in favor of the consumer.") (internal quotation marks omitted); *Begala v. PNC Bank, Ohio, N.A.*, 163 F.3d 948, 950 (6th Cir.1998) ("We have repeatedly stated that TILA is a remedial statute and, therefore, should be given a broad, liberal construction in favor of the consumer.").

B. <u>The statutory provisions and regulations cited by Crum do not explicitly disclaim liability for U.S.</u>

The Defendants simultaneously argus that TILA and the applicable regulations cited by Crum disclaim liability for U.S. Bank because it was not the "creditor" or "servicer" of his loan. While a very narrow and literal reading of the relevant regulations could cause one to reach such a conclusion, U.S. Bank's interpretation obfuscates the remedial purpose of TILA and canons of statutory construction. In addition, as detailed above, because Crum has plausibly plead a principle-agent relationship, much of U.S. Bank's arguments are misleading. As was discussed

above, TILA should be given a broad, as opposed to narrow, reading in order to effectuate its intent.

Here, Crum has plausibly plead TILA violations based upon U.S. Bank's: (i) failure to promptly credit payments pursuant to 15 U.S.C. § 1639f; (ii) failure to send periodic mortgage statements pursuant 15 U.S.C**. §** 1638f; (iii) failure to provide a timely and accurate payoff statement within 7 business as required by 15 U.S.C. § 1639g. Each, which specific reference to the corresponding statutory language, are discussed.

### Duty to Promptly Credit Payments (15 U.S.C. § 1639f)

Crum alleges U.S. Bank, by and through its authorized agent SN, has failed to promptly credit his monthly mortgage payments as required by 15 U.S.C. § 1639f. U.S. seeks the dismissal of Crum's claim(s), citing the plain language of the statute, because U.S. contends "the statute only applies to servicers, not creditors or assignees." U.S. offers no other authority in support of this position and it ignores that Crum has plead that U.S. Bank has a principal-agent relationship with SN. Further, U.S. Bank does not contend, nor offer authority to support that, it cannot be held vicariously liable for the acts of its servicer and agent, SN (or its predecessors).

### Duty to Timely Provide An Accurate Payoff Statement (15 U.S.C. § 1639g)

Crum alleges he mailed one or more letters to U.S. Bank, by and through its authorized agents, seeking a payoff statement and that SN failed to respond in violation of 15 U.S.C § 1639g. Specifically, Section 1639g provides that "[a] creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower." U.S. Bank seeks the dismissal of Crum's claimed violation(s) of 15 U.S.C § 1639g, citing 12 C.F.R. 1026.36(c)(3), because U.S. Bank contends it is not a "creditor or assignee that …

currently own[s] the mortgage loan or the mortgage servicing rights." However, this argument is without merit. Crum has plausibly pled that U.S. Bank owned his mortgage loan, that U.S. retained Fay and SN to service the loan on its behalf, and that U.S. Bank has a principal-agent relationship with U.S. Bank.

### Duty to Send Periodic Mortgage Statements (15 U.S.C. § 1638f)

Crum alleges U.S. Bank, by and through its authorized agents, has failed to provide him with one or more periodic mortgage statements as required by 15 U.S.C. § 1638f. Section 1638f provides that "[a] creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower." U.S. seeks the dismissal of Crum's claimed violation(s) of 15 U.S.C § 1638f, citing 12 C.F.R. 1026.41(a)(2), as it contends it is not a "creditor or assignee that … currently own[s] the mortgage loan or the mortgage servicing rights." However, this argument is without merit. Crum has plausibly pled that U.S. bank owned his mortgage loan, that U.S. Bank retained SN (and its predecessors) to service the loan on its behalf, and that U.S. Bank has a principal-agent relationship with SN.

### CONCLUSION

Accepting Crum's allegations as true, as the Court must at the motion to dismiss stage, Crum has pled plausible claims for relief under TILA and for violation of the bankruptcy discharge. Specifically, the operative Complaint adequately alleges facts sufficient to support Crum's claims for violations of 15 U.S.C. § 1639f (failure to promptly credit payments), 15 U.S.C. § 1639f (failure to send periodic mortgage statements), 15 U.S.C. § 1639g (failure to provide a timely payoff statement), and 12 C.F.R. 1026.20(c) (failure to send interest rate and payment chang notices). Crum concedes she has failed to adequately alleged a violation of 15

U.S.C. § 1638a.  In light thereof, Crum respectfully requests this Court DENY Defendant U.S. Bank's Motion to Dismiss for Failure to State a Claim in all respects. However, , should the Court grant Defendant's Motion to Dismiss, in whole or in part, Crum respectfully requests leave to amend his Complaint of any deficiencies.

    Respectfully submitted,

    */s/ Travis W. Cohron*
    Travis W. Cohron, No. 29562-30
    **CLARK, QUINN, MOSES, SCOTT & GRAHN, LLP**
    320 N. Meridian Street, Suite 1100
    Indianapolis, IN 46204
    Telephone: (317) 637-1321
    tcohron@clarkquinnlaw.com
    *Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on December 12, 2019, a copy of the foregoing was filed electronically. Notice of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

David W. Patton
John D. Waller
**WOODEN MCLAUGHLIN LLP**
david.patton@woodenlawyers.com
john.waller@woodenlawyers.com
*Counsel for Fay Servicing, LLC*

Pamela A. Paige
**PLUNKETT COONEY, P.C.**
ppaige@plunkettcooney.com
*Counsel for SN Servicing Corporation and US Bank Trust National Association*

Jill A. Sidorowicz
**NOONAN & LIBERMAN, LTD.**
jsidorowicz@noonanandlieberman.com
*Counsel for Planet Home Lending, LLC*

>  */s/ Travis W. Cohron*
>  Travis W. Cohron, No. 29562-30