UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL F. CRUM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-02045-JRS-TAB |
| | ) |
| SN SERVICING CORPORATION, | ) |
| HOME SERVICING, LLC Clerk's Entry of | ) |
| Default entered on 10/11/2019, | ) |
| US BANK TRUST NATIONAL ASSOCIA- | ) |
| TION as Trustee of the SCIG Series III | ) |
| Trust, | ) |
| | ) |
| Defendants. | ) |

**Order Granting Defendants' Motion to Dismiss (ECF No. 47)**

Plaintiff Michael Crum alleges that Defendants SN Servicing Corporation ("SN") and U.S. Bank Trust National Association, as Trustee of the SCIG Series III Trust ("U.S. Bank")—among other claims—defied a discharge injunction in violation of 11 U.S.C. § 524(i) and violated the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq*. Defendants move to dismiss these two claims, Counts VI and XIII of Plaintiff's First Amended Complaint ("FAC"). For the reasons below, Defendants' Motion to Dismiss (ECF No. 47) is **granted**.

**Background**

In 1997, Crum obtained the loan at issue ("Loan") from ONB, evidenced by promissory note ("Note") and secured by a mortgage ("Mortgage") on Crum's home in Bloomington, Indiana. (FAC ¶¶ 3, 4, 44, ECF No. 34.) After a series of assignments and transfers, the Mortgage was eventually assigned to U.S. Bank. (*Id.* ¶ 57.)

1

In 2012, Crum filed a Chapter 13 bankruptcy petition. (*Id.* ¶ 65.) Under the Chapter 13 plan ("Plan"), Crum agreed to make regular monthly payments to the Chapter 13 Trustee, who would in turn pay the Loan's pre-petition arrearage of $5,922.93 (eleven installments of $455.61 per month) and post-petition payments totaling $27,336.60 (sixty installments of $455.61 per month). (*Id.* ¶ 69.)

On January 10, 2018, the Chapter 13 Trustee filed a Notice of Final Cure Payment, which stated that she had paid $5,922.93 toward the pre-petition arrearage and $27,336.60 toward post-petition mortgage payments. (*Id.* ¶ 77; Memo Supp. Defs.' Mot. Dismiss Ex. B, ECF No. 46-2.)

On February 9, 2018, the Chapter 13 Trustee filed the Final Report and Account and stated that Crum had completed the case as of November 9, 2017, and certified the amounts received from Crum and disbursed to each creditor. (Memo Supp. Defs.' Mot. Dismiss, Ex. A, ECF No. 46-1.) But the Final Report and Account differed from the Notice of Final Cure Payment as to the receipts and disbursements toward post-petition mortgage payments—the Notice of Final Cure Payment listed $27,336.60, whereas the Final Report and Account listed $26,425.38. (Memo Supp. Defs.' Mot. Dismiss Exs. A, B, ECF Nos. 46-1, 46-2.) The discrepancy amounts to two payments of $455.61 that Crum did not make to the Chapter 13 Trustee. (*Id.*)

As a result of this discrepancy, the various involved loan servicers considered Crum to be delinquent on the Loan and consequently charged Crum a series of late fees. (FAC, Ex. W, ECF No. 34-23.) To the contrary, Crum alleges that he "fully

performed under his confirmed Chapter 13 Plan and made all post-petition payments as required." (FAC ¶ 287, ECF No. 34.)

SN became the Loan's servicer on March 23, 2018. (*Id.* ¶ 62.)

In Count VI of the FAC, Crum alleges that SN's continued assessment of fees including attorney fees, corporate advances, and late charges constitutes an attempt to collect a discharged debt, contravening a Chapter 13 discharge injunction in violation of 11 U.S.C. § 524(i). (*Id.* ¶¶ 288–292.) In Count XIII of the FAC, Crum further alleges that SN—acting on behalf of U.S. Bank—violated the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, by failing to provide periodic billing statements and failing to promptly credit payments toward the Loan. (*Id.* ¶¶ 325–335.)

## Legal Standard

A Rule 12(b)(6) motion to dismiss for failure to state a claim asks whether the complaint "contain[s] sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (citations omitted). The Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the nonmoving party. *Levenstein v. Salafsky*, 164 F.3d 345, 347 (7th Cir. 1998). The Court need not accept legal conclusions or conclusory allegations. *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011). In addition to the complaint, the Court may consider documents attached to the complaint, Fed. R. Civ. P. 10, and matters of public record in deciding the motion to dismiss. *Parungao v. Cmty. Health Sys.*, 858 F.3d 452, 457 (7th Cir. 2017). Furthermore, when a document contradicts the allegations of the complaint, "the document's

3

facts or allegations trump those in the complaint." *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 (7th Cir. 2004).

If it grants a motion to dismiss, the Court will normally allow leave to amend the complaint unless amendment would be "futile or otherwise unwarranted." *O'Boyle v. Real Time Resolutions, Inc.*, 910 F.3d 338, 347 (7th Cir. 2018).

## Discussion

### *Count VI: Violation of the Discharge Injunction*

A complaint is subject to dismissal if a plaintiff does not provide argument supporting the complaint's legal adequacy. *See Lee v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1053–54 (7th Cir. 2019) (citing *Lekas v. Briley*, 405 F.3d 602, 614 (7th Cir. 2005)). This forfeiture rule applies when a party "effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss." *Id.* (citing *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011)).

Here, Crum did not respond to Defendants' argument that Count VI, alleging a violation of 11 U.S.C. § 524(i), should be dismissed. (*See* Pl.'s Resp. in Opp'n to Defs.' Mot. to Dismiss, ECF No. 55.) Crum has therefore waived his discharge-injunction claim under 11 U.S.C. § 524(i), and Count VI is dismissed with prejudice.

### *Count XIII: Violation of the Truth in Lending Act*

In Count XIII against U.S. Bank, Crum invokes 15 U.S.C. § 1640(a), which creates a private right of action against any "creditor who fails to comply with any requirement imposed under this part . . . ." Crum claims that U.S. Bank failed to comply with 15 U.S.C. §§ 1639f and 1638(f) and the associated regulations. *See* 12

4

C.F.R. § 1026.36(c)(1) (implementing § 1639f); 12 C.F.R. § 1026.41 (implementing § 1638(f)). Section 1639f requires that "[i]n connection with a consumer credit transaction secured by a consumer's principal dwelling, no servicer shall fail to credit a payment to the consumer's loan account as of the date of receipt . . . ." Section 1638(f) requires a creditor, assignee, or servicer with respect to any residential mortgage loan to send the obligor periodic statements containing information such as the remaining principal, the current interest rate, a description of late payment fees, and specific contact information through which the obligor can obtain more information about the mortgage.

Crum's TILA claim hinges on whether U.S. Bank is a creditor who may be sued under § 1640(a) or an assignee who may be sued under § 1641(e)(1). A "creditor" is a person who both "regularly extends . . . consumer credit" and "is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness or, if there is no such evidence of indebtedness, by agreement." 15 U.S.C. § 1602(g). Assignee liability under TILA is much more limited than creditor liability. In the context of a mortgage loan transaction, an assignee is liable for conduct for which a creditor would be liable only if (1) "the violation for which such action or proceeding is brought is *apparent on the face of the disclosure statement*" and (2) "the assignment to the assignee was voluntary." 15 U.S.C. § 1641(e)(1) (emphasis added). A violation is said to be "apparent on the face of the disclosure statement" where "(A) the disclosure can be determined to be incomplete or inaccurate by a comparison among the disclosure statement, any itemization of the

5

amount financed, the note, or any other disclosure of disbursement; or (B) the disclosure statement does not use the terms or format required to be used by this subchapter." 15 U.S.C. § 1641(e)(2).

TILA does not define "disclosure statement." *Evanto v. Fed. Nat'l Mortg. Ass'n*, 814 F.3d 1295, 1297 (11th Cir. 2016). But in the TILA provisions relevant to this case, "disclosure statement" refers to the required "disclosure of certain terms and conditions of credit *before* consummation of a consumer credit transaction." *Rendler v. Corus Bank*, 272 F.3d 992, 996 (7th Cir. 2001) (emphasis added); *see also Evanto*, 814 F.3d at 1297 ("A disclosure statement is a document provided *before* the extension of credit that sets out the terms of the loan." (emphasis added)).

In sum, an assignee of a mortgage is not subject to liability under TILA for violations that occur *after* the loan has been made. *See Kareem v. Ocwen Loan Servs., LLC*, 723 F. App'x 718, 721 (11th Cir. 2018); *Evanto*, 814 F.3d at 1297; *Vincent v. The Money Store*, 736 F.3d 88, 109 (2d Cir. 2013).

Here, ONB originated the Loan, not U.S. Bank. (FAC ¶ 44.) U.S. Bank cannot be a creditor because U.S. Bank is not the person to whom the Loan debt is "initially payable on the face of the" Note. 15 U.S.C. § 1602(g). Rather, the parties agree that U.S. Bank is a subsequent assignee of the Mortgage. (FAC ¶ 57.) But, as an assignee, U.S. Bank is not liable for alleged violations of §§ 1639f and 1638(f) because violations of those provisions would never appear "on the face of the disclosure statement" as required by § 1641(e)(1). Neither a failure to timely credit received loan payments as required by § 1639f nor a failure to transmit periodic statements as required by

6

§ 1638(f) involves the disclosure statement; by definition, such noncompliance would occur *after* any pre-transaction disclosures.  Hence, U.S. Bank cannot be liable as an assignee under § 1641(e)(1) for alleged violations of §§ 1639f and 1638(f).  *See James v. Nationstar Mortg., LLC*, 92 F. Supp. 3d 1190 (S.D. Ala. 2015) (holding that the plaintiffs failed to state a claim against an assignee for violating § 1639f); *Barnes v. Carrington Mortg. Servs., LLC*, No. CV 15-6465 (CCC-MF), 2016 WL 3018693, at *2-3 (D.N.J. May 24, 2016) (same); *Faiella v. Green Tree Servicing LLC*, No. 16-CV-088-JD, 2017 WL 589096, at *4 (D.N.H. Feb. 14, 2017) (dismissing claim against assignee for violating § 1638(f)); *Shilo v. Ditech Fin. LLC*, No. CV 16-11564, 2017 WL 3202725, at *6 (D. Mass. July 26, 2017) (same).

In his brief opposing Defendants' motion to dismiss, Crum alleges for the first time that Defendants also violated 15 U.S.C. § 1639g, which requires a creditor or servicer of a home loan to send a payoff balance within seven days of receiving a borrower's written request.  The allegation is not present in Count XIII of the FAC, and Defendants argue that the TILA claim based on § 1639g is not properly before the Court.  *See Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989) ("It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss[.]").  Even if the Court were to consider it, the allegation of a § 1639g violation would not assist Crum in this motion.  Assignee liability premised on a § 1639g violation fails just as it fails when premised on §§ 1639f and 1638(f) violations—"because a payoff balance 'can only be provided only after a loan has been made,' there 'is no

7

way that the failure to provide a payoff balance can appear on the face of the disclosure statement.'" *Dawoudi on behalf of Plaintiff v. Nationstar Mortg. LLC*, No. 1:19 CV 3783, 2020 WL 1330381, at *7 (N.D. Ill. Mar. 23, 2020) (quoting *Evanto*, 814 F.3d at 1297–98) (dismissing TILA claim based on § 1639g violation brought against assignee); *see also Evanto*, 814 F.3d at 1297–98; *Kemp v. Seterus, Inc.*, 348 F. Supp. 3d 443, 448 (D. Md. 2018); *Signori v. Fed. Nat'l Mortg. Ass'n*, 934 F. Supp. 2d 1364, 1368 (S.D. Fla. 2013).

Crum counters that the Court should read § 1641(e)(1) more broadly than other courts have in order to impose assignee liability in this case. Crum rightly notes that, because TILA is a remedial consumer protection law, courts must construe the statute liberally. *See, e.g., Hauk v. JP Morgan Chase Bank USA*, 552 F.3d 1114, 1118 (9th Cir. 2009). But even if TILA is "construed liberally in favor of consumers," a court's interpretation of the statute must nevertheless be "consistent with its plain language." *Rossman v. Fleet Bank*, 280 F.3d 384, 390 (3d Cir. 2002). To impose assignee liability despite U.S. Bank's alleged misconduct not appearing on the face of the disclosure statement would require the Court to ignore the plain and unambiguous language of TILA. *See* 15 U.S.C. § 1641(e)(1)(A) (extending creditor liability to assignees "only if . . . [the alleged TILA violation] is apparent on the face of the disclosure statement").

In asking the Court to impose liability on assignees for TILA violations occurring after origination, Crum cites a line of decisions in *St. Breux v. U.S. Bank N.A.*, 919 F. Supp. 2d 1371 (S.D. Fla. 2013), *Cenat v. U.S. Bank N.A.*, 930 F. Supp. 2d 1347 (S.D.

Fla. 2013), and *Lucien v. Fed. Nat'l Mortg. Ass'n*, 21 F. Supp. 3d 1379 (S.D. Fla. 2014). These cases, which the Eleventh Circuit tacitly overruled in *Evanto*, 814 F.3d 1295, each held that an assignee could be held vicariously liable for a loan servicer's post-assignment TILA violations. Each decision relied on the policy rationale that, "if a creditor is going to be liable for employing an irresponsible servicer, an assignee, who is acting just like a creditor, should also be liable for its irresponsible servicers." *Runkle v. Fed. Nat'l Mortg. Assoc.*, 905 F. Supp. 2d 1326, 1332 (S.D. Fla. 2012). If "an assignee were not responsible for its servicer's conduct," in many situations, "no party could be liable" for post-assignment TILA violations. *Id.*

Although a court "may think it unwise to allow an assignee to escape TILA liability" for post-assignment violations, it is ultimately Congress's responsibility to decide the scope of TILA. *Vincent*, 736 F.3d at 109. The courts are "not at liberty to rewrite the statute to reflect a meaning we deem more desirable." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 228 (2008). Given the plain meaning of § 1641(e)(1), the Court cannot expand assignee liability the way Crum urges.

Further amendment of the complaint would not preserve the TILA claims against U.S. Bank, an assignee, so granting leave to amend would be futile. *See O'Boyle*, 910 F.3d at 347. The TILA claims in Count XIII are therefore dismissed with prejudice.[1]

---

[1] Because the Court finds that U.S. Bank cannot be held liable as an assignee under 15 U.S.C. § 1641(e)(1), it need not address whether U.S. Bank could be held vicariously liable for the actions of U.S. Bank's purported agent SN. *See, e.g., Evanto v. Fed. Nat'l Mortg. Ass'n*, No. 0:14-CV-61573, 2015 WL 4477517, at *3 n.3 (S.D. Fla. Mar. 6, 2015), *aff'd*, 814 F.3d 1295 (11th Cir. 2016).

## Conclusion

Defendants' Motion to Dismiss (ECF No. 47) is **granted**. Crum's discharge-injunction claim in Count VI and TILA claims in Count XIII are **dismissed with prejudice**.

**SO ORDERED**.

Date: 9/21/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution via CM/ECF to all registered parties.