UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL F. CRUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:19-cv-02045-JRS-TAB |
| ) | |
| SN SERVICING CORPORATION, ) | |
| HOME SERVICING, LLC, ) | |
| US BANK TRUST NATIONAL ) | |
| ASSOCIATION, ) | |
| ) | |
| Defendants. ) | |

**Order on Motion to Reconsider (ECF No. 109)**

Plaintiff Michael Crum moves the Court to reconsider its previous order, (ECF No. 100), granting Defendant SN Servicing Corporation and Defendant U.S. Bank Trust National Association's motion to dismiss Counts VI and XIII of Crum's First Amended Complaint ("Previous Order"). Crum only seeks reconsideration of the Court's decision to dismiss Count VI based on its finding that Crum forfeited that claim by failing to respond. (*See id.* at 4.)

The Previous Order was an interlocutory order, as final judgment did not result from it. Interlocutory orders are subject to reconsideration under Federal Rule of Civil Procedure Rule 54(b), which provides that any interlocutory order "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." See also *Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012). Motions for reconsideration under Rule 54(b) "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence."

1

*Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984).  "For new evidence to be considered, the moving party must 'show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence during the pendency of the motion.'"  *Love v. Pence*, 47 F. Supp. 3d 805, 807 (S.D. Ind. 2014) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269–70 (7th Cir. 1996)).  Moreover, a motion to reconsider "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole*, 90 F.3d at 1270 (citations omitted).

Crum offers several reasons why reconsideration is appropriate as to Count VI. He states that the Court misstated certain facts in the "Background" section of its Previous Order.  For one, due to a mathematical error, the Court said the pre-petition arrearage of the loan central to this case was $5,922.93, or "eleven installments of $455.61 per month"—this statement was incorrect and should have read "thirteen installments of $455.61 per month." (*See* ECF No. 100 at 2.)  More importantly, the Court also incorrectly stated, "The Notice of Final Cure Payment listed $27,336.60, whereas the Final Report and Account listed $26,425.38. . . . The discrepancy amounts to two payments of $455.61 that Crum did not make to the Chapter 13 Trustee." (ECF No. 100 at 2.)  As Crum lays out in his motion, (ECF No. 109 at 1–5), this statement is wrong because Crum paid the total amounts due, as the Chapter 13 Trustee's accounting shows merely that the pre-petition arrearage was *overpaid* by

2

two payments and the ongoing payments *underpaid* by two, (*see* ECF No. 46-1 at 3; ECF No. 46-2), not that Crum failed to make any payments due.  Moreover, the Court's finding that Crum "did not make" two payments to the Chapter 13 Trustee was influenced by Defendants' representation of the exhibits in their brief in support of the motion to dismiss.  (*See* ECF No. 46 at 6–11; ECF No. 46-1; ECF No. 46-2).  Crum says—and Defendants do not dispute—that Defendants have now abandoned their position that Crum did not make all necessary payments, which was central to their argument for dismissing Count VI.

Cutting against reconsideration based on these factual errors is the fact that none of these errors directly led to the Court's decision to dismiss Count VI.  As mentioned, the Court's rationale for dismissing Count VI was that, *by failing to respond* to Defendants' arguments that the First Amended Complaint failed to state a claim under 11 U.S.C. § 524(i), Crum forfeited that claim.  *See Lee v. Ne. Ill. Reg'l Commuter R.R. Corp.*, 912 F.3d 1049, 1053–54 (7th Cir. 2019) (plaintiff's failure to oppose motion to dismiss results in abandonment of claims).  Crum's counsel now apologizes for not confronting Defendants' arguments head-on but maintains that Crum at least minimally opposed dismissal of Count VI by reciting an allegation from the First Amended Complaint that Crum "paid all amounts due."  (ECF No. 55 at 2.)

Also cutting against reconsideration is the fact that Crum's legal arguments in his motion to reconsider "could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole*, 90 F.3d at 1270.  These legal arguments also could have been raised in the many intervening months since Defendants filed

3

their reply brief, in which Defendants clearly argued that Crum forfeited Count VI. Instead, Crum's counsel failed to act until after the Previous Order issued.

Though it is a close question, the Court finds that (1) because the Court made manifest errors of fact in its Previous Order, (2) because the Court erroneously relied in part on Defendants' now-abandoned representation of the facts in so doing, and (3) because Crum's reply brief at least minimally opposed dismissal of Count VI, the Court should not have dismissed Count VI. The Court therefore **grants** Crum's motion for reconsideration and reinstates Count VI of the First Amended Complaint.

Some final notes: The Court recognizes that it is reading Crum's reply brief charitably in finding that it minimally opposed dismissal of Count VI, thus avoiding forfeiture. The importance of paying close attention to the versions of the briefs submitted, as well as to the arguments raised by opposing parties in their briefs, is worth noting. Additionally, in the Court's calculation, Crum has stated a claim under 11 U.S.C. § 524(i) by alleging that he paid all amounts due under his Chapter 13 Plan and that "SN has collected, and continues to collect upon, alleged debt obligations predating and in contravention of the *Order of Discharge*." (Am. Compl. ¶¶ 287–288, ECF No. 34.) If Defendants disagree with that proposition, they are welcome to renew their motion to dismiss as to Count VI—if they do, the Court will set an expedited briefing schedule to prevent further delay.

**SO ORDERED.**

4

Date: 2/16/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution to registered parties via CM/ECF.