# EXHIBIT J

1　Q All right. Next, if you will, take a look
2　down at Paragraph number three about payment and
3　length of plan. Does this indicate that the debtor is
4　going to pay $875 a month to the Chapter 13 trustee
5　for 60 months?
6　 A Yes.
7　 Q So, from that, we can agree that this was a
8　60 month bankruptcy plan, right?
9　 A Yes.
10　 Q All right. If you flip the second page,
11　call your attention to Paragraph 6. I won't read that
12　out to you, but if you'll take a second and read it,
13　can we agree that Paragraph 6 requires a borrower who
14　is behind on their mortgage to pay both their ongoing
15　monthly mortgage payment and their payment to the
16　trustee through the Chapter 13 trustee?
17　 A Yes.
18　 Q Are you familiar with the term conduit
19　jurisdiction?
20　 A No.
21　 Q Okay. All right. We'll save that then.
22　So, let's move over to Exhibit B please. Let me when
23　you've -- when you're there.
24　 A I'm there.
25　 Q Okay. Do you recognize this document as a

1  portion of the proof of claim that was filed in Mr.
2  Crum's case?
3  　A Yes.
4  　Q Okay.  And -- I'm sorry.  I was looking at a
5  deeper page in.  This is actually the proof of claim
6  with the attachments to it, correct?
7  　A I think it has all of the attachments.  To
8  be honest with you, I am not sure that's all of them,
9  but it -- it -- you know, it does have the
10 information, you know, filed by the prior servicer.
11 　Q Right.  And I guess I should've asked a
12 better question.  What this has or what we're showing
13 you here is the actual proof of claim form plus the
14 mandatory proof of claim attachment that explains what
15 the arrearage is, right?
16 　A Yes.
17 　Q All right.  So, if you look at Page 5 of 6
18 on this document, this indicates that there were 13
19 installments past due totaling $5,922.93, correct?
20 　A Yes.
21 　Q All right.  So -- and in number four, at the
22 bottom of that page, this indicates that the debtor
23 will begin to make post-petition payments of $455.61
24 beginning November the 1st of 2012, correct?
25 　A Correct.

1　Q All right.  So, from this information, we
2　can -- can we agree that there will be a total of 73
3　payments due during the term of this plan from Mr.
4　Crum?
5　A Out of the terms of the plan, yes.
6　Q So, there will be 60 ongoing payments plus
7　13 payments for the arrearage?
8　A Correct.
9　Q All right.  So, if we can, let's go over to
10　Exhibit C please.  Just a second.  So, do you
11　recognize Exhibit C?
12　A Yes.
13　Q And this is a document called a Notice of
14　Final Cure Payment from -- filed by the Chapter 13
15　trustee related to the mortgage loan account, right?
16　A Right.
17　Q So, this indicates that the arrearage of
18　$5,922.93 was paid, correct?
19　A Yes.
20　Q Okay.  And that would cover the 13 payments
21　that we dealt with in the arrearage, correct?
22　A Yes.
23　Q And it also says under the final cure amount
24　under the second section that the claim allowed was
25　$48,683.25, but the amount paid was $27,336.60,

```
 1   correct?
 2    A  Yes.
 3    Q  And have you divided $27,336.60 by 60
 4   months?
 5    A  No.
 6    Q  Okay.  Do you have a calculator handy?
 7    A  Yes.
 8    Q  All right.  Will you divide $27,336.60 by
 9   60?
10    A  Okay.
11    Q  And what did you come up with?
12    A  $455.61.
13    Q  Which is the amount of Mr. Crum's ongoing
14   payments, right?
15    A  Yes.
16    Q  So, we can do the reverse of that and
17   multiply $455.61 times 60 and get $27,336.60, correct?
18    A  Yes.
19    Q  All right.  Is today the first time that you
20   did that?
21    A  First time I did that division, yes.
22    Q  All right.  If you flip to the second page
23   of this document, it says that the mortgage is paid
24   through the Chapter 13 conduit.  So, when I mentioned
25   conduit earlier in Chapter 13, you have two ways the
```

1　ongoing payments can be made: they can be made through
2　the Chapter 13 trustee as a conduit payment or they
3　can be paid direct by the debtor.  So, this district
4　is a conduit jurisdiction where all those monies pass
5　through the trustee's hand, right?
6　 A I mean, I don't know the rules of this
7　jurisdiction, but that -- that is what happened in
8　this particular case.
9　 Q All right.  And being that you have some
10　familiarity with bankruptcy, you're aware that Chapter
11　13 trustees are bonded?
12　 A I mean, I don't -- I don't know that they
13　are.  No.  I do not.
14　 Q And you're aware that Chapter 13 trustees
15　are -- accounts have to be audited?
16　 A No.  I am not.
17　 Q Okay.  Are you aware that Chapter 13
18　trustees have an obligation to account for all the
19　money received on a case?
20　 A Yes.
21　 Q All right.  Let's move over to Exhibit D
22　please.
23　 A Exhibit D?
24　 Q Yes.
25　 A Okay.

```
1     Q Do you recognize this document?
2     A Yes.
3     Q And this is a Response to the Notice of
4    Final Cure Payment, which is what a mortgage servicer
5    is obligated to provide a Court after the document
6    that was provided by the trustee in the previous
7    exhibit, correct?
8     A Yes.
9     Q All right.  And do you understand that
10   basically this form answers two questions?  Are you
11   familiar with this form at all?
12    A No.
13    Q Okay.  Are you familiar with when it was
14   implemented in the bankruptcy court system?
15    A No.
16    Q Are you familiar with why it was implemented
17   in the bankruptcy court system?
18    A No.  I am not.
19    Q If I told you that it was to prevent
20   situations like the one we're here about today, would
21   you be surprised to hear that?
22    A I mean, I would have to refer to my counsel
23   for that.
24    Q Okay.  So, this Response to the Notice of
25   Final Cure Payment, the mortgage servicer's required
```

1  to do one of two things, agree or disagree that the
2  arrearage was paid in full under Part 2.  Do you see
3  that?
4   A Yes.
5   Q Okay.  And here, the prior servicer, which
6  was Planet, they agreed that the debtor had paid the
7  arrearage, right?
8   A Correct.  The prepetition default.
9   Q Right.  And then in number three where they
10 talk about ongoing monthly payments, they agreed that
11 the debtor had made all 60 post-petition payments,
12 right?
13  A It states they are current with all post-
14 petition payments consistent with Section 1322(B)(5).
15  Q Right.
16  A I mean -- I don't know what -- I'd have to
17 refer to that section.
18  Q Okay.  That's the section dealing with
19 interest -- security interest and property that will
20 not be paid off until after a bankruptcy plan is
21 complete and -- and the box under Part 3, it says --
22 not the one checked where they agreed, but it says --
23 the other choice would've been, "The creditor states
24 that the debtor or debtors are not current on all
25 post-petition payments consistent with 1322(B)(5),